# UNITED STATES DISTRICT COURT

for the

Southern District of Illinois

William A White

)

)

)

)

*Plaintiff/Petitioner(s)*

v.

Federal Bureau of Prisons
Daniel Sproul, Warden, USP-
Marion

*Defendant/Respondent(s)*

)
)
)
)
)
)
)
)
)

Case Number: 20-cv- 751- JPG

(Clerk's Office will provide)

☐ CIVIL RIGHTS COMPLAINT
pursuant to 42 U.S.C. §1983 (State Prisoner)

☑ CIVIL RIGHTS COMPLAINT
pursuant to 28 U.S.C. §1331 (Federal Prisoner)

☑ CIVIL COMPLAINT
pursuant to the ~~Federal Tort Claims Act,~~
~~28 U.S.C. §§1346, 2671-2680,~~ or other law

Administrative Procedures Act

## I.    JURISDICTION

Plaintiff:

A.    Plaintiff's mailing address, register number, and present place of confinement.

William A White #13888-084
USP-Marion
PO Box 1000
Marion, IL 62959

Defendant #1:

B.    Defendant Federal Bureau of Prisons _____ is employed as

(a)        (Name of First Defendant)

agency of the Department of Justice

(b)            (Position/Title)

with    320 1st St NW Washington, DC 20534

(c)        (Employer's Name and Address)

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government?   ☒ Yes    ☐ No

If your answer is YES, briefly explain:

federal agency

(Rev. 7/2010)

1

**Defendant #2:**

C.   Defendant ___Daniel Sproul Warden USP-Marion___ is employed as

(Name of Second Defendant)

___Warden United States Penitentiary Marion___

(Position/Title)

with ___USP-Marion PO Box 1000 Marion, IL 62959___

(Employer's Name and Address)

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?   ☑ Yes   ☐ No

If you answer is YES, briefly explain:

Warden of a federal prison.

**Additional Defendant(s) (if any):**

D.   Using the outline set forth above, identify any additional Defendant(s).

(Rev. 7/2010)                                2

## II.   PREVIOUS LAWSUITS

A.   Have you begun any other lawsuits in state or federal court relating to your imprisonment?                    ☑ Yes    ☐ No

B.   If your answer to "A" is YES, describe each lawsuit in the space below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline. <u>Failure to comply with this provision may result in summary denial of your complaint.</u>

1.   Parties to previous lawsuits:
Plaintiff(s):

as attached

Defendant(s):

as attached

2.   Court (if federal court, name of the district; if state court, name of the county):
as attached

3.   Docket number:
as attached

4.   Name of Judge to whom case was assigned:
as attached

5.   Type of case (for example: Was it a habeas corpus or civil rights action?):
as attached

6.   Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?):
as attached

7.   Approximate date of filing lawsuit:
as attached

8.   Approximate date of disposition:
as attached

(Rev. 7/2010)

3

??? 1997:  White v New D Md Case No Unknown

>       *§1983 action against four Montgomery County, Maryland, police
>         officers

>       * summary judgment for defendants

Dec 2005:  White v Haines 2005 US Dist LEXIS 33688 (WD Va 2005)

>       * counseled Bivens claims against three HUD employees

>       * dismissed without prejudice

??? 2005:  counseled claims against Bank of America, Citibank, and,
Chase Bank for contract violations WD Va case no unknown

>       * all settled favorably

Dec 2007:  United States v Henry ED Va 07-cv-342

>       * third party subpoena action

>       * subpoenas withdrawn in part, protective order entered WD Va
>         08-mj-012 Mar 12 2008

>       * charged with contempt In Re: White (United States v Henry)
>         2013 US Dist LEXIS 133148 (ED Va 2013)

>           * dismissed repeatedly, appealed repeatedly by plaintiffs
>             Mar 1 2008 to 2013

>       * charged with contempt United States v Henry 2008 US Dist LEXIS
>         50892 (WD Va 2008)

>           * prosecution declined by US Attorney June 2008

>       * motion to sanction US Attorney

>           * denied United States v Henry 2017 US Dist LEXIS 40912
>             (ED Va 2017) affirmed United States v Henry 2016 US Dist
>             LEIS 185777 (ED Va 2017)

>           * some catalyst relief obtained

Jul 2008:  Unnamed Citizen A (Annette Reddick) v White 410 BR 195 (Bankr

-4-

* judgment against me for about $250,000 plus $610,000 in attorney's fees Unnamed Citizen A (Annette Reddick) v White 2011 US Dist LEXIS 155395 (WD Va 2011)

* affirmed Unnamed Citizen A (Reddick) v White 468 Fed Appx 330 (4th Cir 2012)

Oct 2008:    United States v White ND Ill 08-cr-851 charging 18 USC §373 solicitation of a crime of violence / 18 USC §1503 jury tampering

* dismissed United States v White 638 F Supp 2d 935 (ND Ill 2009)

* reinstated United States v White 610 F 2d 956 (7th Cir 2010)

* convicted at trial Jan 5 2011

* vacated United States v White 779 F Supp 2d 778 (ND Ill 2011)

* reinstated United States v White 690 F 3d 1005 (7th Cir 2012)
    * cert denied  White v United States 133 S Ct 1740 (2013)

* sentenced to 42 months imprisonment

* §2255 filed Dec 2013 ND Ill Caes No 13-cv-9042

    * denied after hearing May 5 2016

    * appeal denied Jan 2017
    * Fed.R.Civ.P. 60(d)(3) filed Mar 2019 pending
* PFA                          on new evidence of torture In Re: White
    7th Cir App No 17-1143

    * denied

    * 60(b) filed in District Court Mar 2017
        * voluntarily dismissed in light of FIRST STEP Act

* recall the mandate filed Jul 1 2016 7th Cir Case No unknown

    * denied Jul 14 2016

    * cert denied White v United States 196 L Ed 2d 200 (2016) Oct 3 2016

* motion to vacate pursuant to 28 USC §1651 filed Jan 2017 ND Ill 16-cv-10950; voluntarily dismissed in light of Davis.

-5-

* PFA on Dimaya filed Apr 2018 In Re: White App No. 18-1899

    * denied May 2018

* §2241 on new evidence of Brady violations filed June 2018 White v True SD Ill 18-cv-1225

    * denied, refiled as White v United States ND Ill 18-cv-5053, pending

* §2241 on Davis filed Oct 2019 White v Christensen SD Ill 19-cv-1217

    * pending

* 18 USC §3582 filed September 20, 2019, counseled

    * pending hearing

* §2241 on sentence calculation filed Nov 2019 White v Christensen 2020 US Dist LEXIS 11811 (SD Ill 2020) SD Ill 19-1291

    * 200 days GCT granted administratively, some still in dispute;

    * pending

Dec 2008: United States v White WD Va 08-cr-054 charging 18 USC §875(b), 18 USC §1512(b), 18 USC §875(c) five counts

* acquitted at trial Dec 2009 18 USC §875(b), two counts of 18 USC §875(c), convicted of balance

* one count 18 USC §875(c) vacated Apr 10 2010 United States v White 2010 US Dist LEXIS 35999 (WD Va 2010)

* sentenced to 30 months imprisonment Apr 20 2010

    * vacated, remanded Mar 31, 2012 United States v White 458 Fed Appx 228 (4th Cir 2012)

    * resentenced to 33 months imprisonment

* sentenced to 10 months imprisonment supervised release violation Sep 2012

* 28 USC §2255 filed Feb 2013

    * denied Apr 2013 White v United States 2013 US Dist LEXIS

-6-

* appeal denied White v United States 536 Fed Appx 339 (4th Cir 2013)

* 60(d)(3) filed Feb 2019

* pending

* coram nobis denied Mar 2015 United States v White 2015 US Dist LEXIS 35314 (WD Va 2015)

* appeal denied United States v White 608 F Appx 160 (4th Cir 2015)

* cert denied White v United States 135 S Ct 343 (2015)

* §2241 on sentence calculation WD Va Dec 2013 Case No unknown

* dismissed without prejudice

* refiled Nov 2017 White v True 2017 US Dist LEXIS 207455 (SD Ill 2017)

* settled favorably, voluntarily dismissed Aug 2018

* PFA on Elonis denied Jan 2016 In Re: White 4th Cir App No: 15-423

* §2241 filed Feb 2016 White v Owens ND Ill Case No 16-2514 nunc sub nom White v True 2017 US Dist LEXIS 24148 (SD Ill 2017) SD Ill 16-cv-1374

* denied Feb 2020 White v True 2020 US Dist LEXIS 16108 (SD Ill 2020)

* appeal pending

* §2255 on Brady violations filed Aug 2018

* denied United States v White 2019 US Dist LEXIS 212379 (WD Va 2019)

* appeal pending

* PFA for new evidence of actual innocence filed Nov 2018 In Re: White 4th Cir App No: 18-382/18-417

        * denied Jan 2019

    * motions to unseal Grand Jury and search warrants filed Sep 2018

     * severed <u>United States v White</u> WD Va 20-cv-002/003

     * pending

Sep/Nov 2010: <u>White v Secor Inc</u> 2010 US Dist LEXIS 117805 (WD Va 2010)

   * dismissed, frivolous

Jun 2012:    <u>United States v White</u> SD Fl 12-mj-2833

   * 41(g) granted in part, denied in part <u>United States v White</u> 2013 US Dist LEXIS 4627 (SD Fl 2013)

   * 41(g) denied <u>United States v White</u> 2013 US Dist LEXIS 159642 (SD Fl 2013)

   * 41(g) denied late 2013

    * appeal dismissed failure to prosecute

   * 41(g) granted 2015

   * 41(g) granted 2019

-8-

United States v White WD Va 13-cr-013 18 USC §875(b) extortion four counts

* convicted at trial 18 USC §875(b) three counts, 18 USC §875(c) one count Nov 2 2013

* sentenced to 92 months imprisonment May 1 2014

* appeal denied Jan 2016 United States v White 810 F 3d 212 (4th Cir 2016)

* cert denied May 5 2016 White v United States 194 L Ed 2d 837 (2016)

* Rule 33 denied Jun 27 2016 United States v White 2016 US Dist LEXIS 82896 (WD Va 2016)

    * 59(e) denied Apr 28 2017

    * appeal denied United States v White 709 Fed Appx 191 (4th Cir 2018) Jan 2018

* Rule 33 denied May 31 2017

    * appeal denied United States v White 708 Fed Appx 130 (4th Cir 2018) Jan 2018

* §2255 filed Oct 2016 WD Va Case No 16-cv-80934

    * denied White v United States 2017 US Dist LEXIS 83694 (WD VA 2017)

    * 59(e) converted to 60(b), denied White v United States 2017 US Dist LEXIS 109049 (WD Va 2017)

    * appeal denied, conversion reversed White v United States 709 Fed Appx 194 (4th Cir 2018)

    * cert denied Mar 30 2018

    * 60(b) for fraud upon the court filed Nov 2018

        * pending

* numerically second §2255 on new evidence of Brady filed Mar 2018 WD Va 18-81307

    * dismissed without prejudice May 18 2018 United States v White 2018 US Dist LEXIS 83171 (WD Va 2018)

-9-

BoA Denied United States v White 2018 US Dist LEXIS 97073 (WD Va 2018)

* appeal denied Sep 18 2018 United States v White Fed Appx 188 (4th Cir 2018)

* refiled as §2241 White v True SD Ill 18-cv-1168 Jun 2018'

* denied Jul 2018 White v True 2018 US Dist LEXIS 118134 (SD Ill 2018)

* appeal 7th Cir App No: 8-2602

* IFP granted

* pending

Nov 2013: United States v White MD Fl 13-cr-304 18 USC § 875(b) extortion five counts, 18 USC §1028(a)(7) aggravated identity theft

* convicted all counts Sep 11 2014

* 18 USC §1028(a)(7) vacated Nov 2014 United States v White 2014 US Dist LEXIS 197603 (MD Fl 2014)

* appeal denied Jul 2016 United States v White 2016 US App LEXIS 12076 (11th Cir 2016)

* cert denied Oct 11 2016 White v United States 196 L Ed 2d 237 (2016)

* rule 33 denied Jun 7 2017 United States v White 2017 US Dist LEXIS 88167 (MD Fl 2017)

* affirmed Sep 2018 United States v White 738 Fed Appx 188 (4th Cir 2018)

* §2255 filed May 2017 White v United States MD Fl Case No: 17-cv-689

* denied Feb 2019 White v United States 2019 US Dist LEXIS (MD Fl 2019)

* appeal denied White v United States 2019 US App LEXIS 16270 (11th Cir 2019) 11th Cir App No: 19-10725

-10-

* cert denied White v United States 140 S2Ct 504 (2019)

    * Fed.R.Civ.P. 60(b)(3) filed Oct 2019

       * denied Oct 2019

       * CoA granted on appeal, facially valid claim of fraud upon the court  White v United States 2020 US App LEXIS 4152 (11th Cir 2020)

       * appeal pending

  * §2241 on Honeycutt filed May 2018 White v True SD Ill 18-cv-1192

       * denied Jul 2018 White v True 2018 US Dist LEXIS 128138 (SD Ill 2018)

       * appeal 7th Cir App No:  18-2602

          * IFP granted non-frivolous

          * pending

Jun 2014:  White v Berger MD Fl 14-cv-936 nunc sub nom White v Shaw

    * §1983 / Bivens action against Seminole County Florida three Seminole County Sheriffs, a jail psychologist, and, two US Marshals

    * two related cases White v Eslinger MD Fl 14-cv-1247 and White v Fredericks MD Fl 14÷cv-1249 dismissed for failure to prosecute

    * dismissed Jan 2015 as moot

       * reversed 59(e) Mar 2015

    * summary judgment for defendants Mar 2016 White v Berger 2016 US Dist LEXIS 1892650 (MD Fl 2016)

       * reversed White v Berger 709 Fed Appx 532 (11th Cir 2017)

       * costs taxed to defendants

    * summary judgment for defendants Mar 2018

       * reversed White v Berger 2019 US App LEXIS 11417 (11th Cir 2019)

-11-

* costs taxed to the defendants

* pending

Aug 2016:    White v Department of Justice SD Ill 16-cv-948

* FOIA Suit against FBI, USMS, BATF, and, BOP

* summary judgment denied to defendants Jan 2018 White v Dep't of Justice 2018 US Dist LEXIS 8750 (SD Ill 2018)

* catalyst relief beginning Feb 2018

* judgment for defendants May 2020  White v Dep't of Justice 2020 US Dist LEXIS 87715 (SD Ill 2020)

    * 59(e) pending

    * defendants admit judgment wrongfully entered in part

Aug 2016:    White v United States SD Ill 16-cv-968

* FTCA action for battery, intentional/negligent infliction of emotional distress

* dismissed without prejudice Nov 22 2016 White v United States 2016 US Dist LEXISQ 161194 (SD Ill 2016)

    * 60(b) as case court relied on, Censke, was overruled Feb 2020 pending

* refiled White v United States SD Ill Case No 17-cv-683 Jun 2017

* screened non-frivolous Aug 25 2017 White v United States 2017 US Dist LEXIS 136955 (SD Ill 2017)

* amended complaint screened non-frivolous White v United States 2019 US Dist LEXIS 123480 (SD Ill 2019)

    * severed in part to White v United States WD Va 19-cv-531

    * severed again White v United States 2020 US Dist LEXIS 23491 (WD Va 2020)

        * White v United States MD Pa 20-cv-291
        * White v United States WD Ok 20-cv-141
        * White v United States WD Pa 20-cv-28

-12-

Aug 2016:    White v Office of Federal Defender SD Ill 16-cv-971

        *    FOIA claim

        *    dismissed wrong venue, wrong cause of action White v
         Office of Federal Defender 2017 US Dist LEXIS 118027
         (SD Ill 2017)

           *    59(e) denied White v Office of Federal Defender 2017
             US Dist LEXIS 118027 (SD Ill 2017)

        *    appeal voluntarily dismissed 7th Cir App No 17-2832

May 2017:    In Re: William A White 690 Fed Appx 798 (3rd Cir 2017)

        *    mandamus

        *    dismissed / catalyst relief Jun 2017

Jul 2017:    White v Fredericks MD Fl 17-cv-1489

        *    42 USC §1983 claim against sixteen Seminole  County,
         Florida Sheriffs

        *    screened non-frivolous Jun 2018

        *    administratively closed pending resolution of  White v
         Berger MD Fl 14-cv-936

Oct 2017:    White v Inch SD Ill 17-cv-1059  nunc sub nom White v Sloop

        *    Bivens claim on BOP mail policies

        *    screened non-frivolous  White v Inch 2017 US Dist LEXIS
         195102 (SD Ill 2017)

        *    dismissed pursuant to Abbasi Dec 2018 White v Sloop 2018
         US Dist LEXIS 211183 (SD Ill 2018)

        *    affirmed on other grounds White v Sloop 772 Fed Appx 334
         (7th Cir 2019)

        *    rehearing denied White v Sloop 2019 US App LEXIS 22117
         (7th Cir 2019)

        *    cert denied White v Sloop 140 S Ct 623 (2019)

Mar 2018:    White v Executive Office of US Attorneys SD Ill 18-cv-841

* FOIA action

* EOUSA ordered to produce records  White v Exec Ofc of US
  Attys 2020 US Dist LEXIS 9837 (SD Ill 2020)

* partial summary judgment for FBI  White v Exec Ofc of US
  Attys 2020 US Dist LEXIS 47506 (SD Ill 2020)

    * objections denied  White v Exec Ofc of US Attys 2020
      US Dist LEXIS 71759 (SD Ill 2020)

    * appeal pending 7th Cir App No:  20-1798

Jun 2018:    In Re: Search Warrants D Or 08-mc-9122

* motion to unseal

* granted Aug 2018

Jun 2018:    In Re: 2008-2010 Grand Jury Proceedings D Or Case No unknown

* motion to unseal

* pending

Sep 2018:    White v United States SD Ill 18-cv-1682

* FTCA / Bivens actions against United States and five BOP
  employees

* counseled, malpractice certified by physician Aug 2019

* pending, and, pending joinder with White v United States
  17-cv-683

Nov 2018:    White v United States D Or 18-cv-2150

* FTCA / Bivens / WA / SCA / Civ. RICO / CFAA / RFRA action
  against 16 DOJ employees

* dismissed statute of limitations et al Mar 2019

    * affirmed statute of limitations only 9th Cir App No:
      19-35219  White v United States 778 Fed Appx 509 (9th
      Cir 2019)

-14-

* FOIA / APA action

* pending

Mar 2019:    United States v Jones   ND Oh 09-cr-441

* motion to unseal search warrants and grand jury

* severed to In Re: White 19-mj-00049

* denied and placed under seal Mar 2019

  * reversed in part 6th Cir App No:  19-3414 Nov 2019

* unsealed in part, closed

Apr 2019:    White v True SD Ill 19-cv-418

* civil rights / APA action against Warden and United States

* screened non-frivolous

* dismissed Mar 2020 White v True 2020 US Dist LEXIS 49428
  (SD Ill 2019) for no judicial remedy for prisoner Const-
  itutional violations

  * appeal pending 7th Cir App No:  20-1619

Aug 2019:    White v Lemma MD Fl 19-cv-1486

* False Claims Act, abuse of process case

* though I did not claim IFP status, this was dismissed sua
  sponte as frivolous with three strikes assessed

* affirmed White v Lemma 947 F 3d 1373 (11th Cir 2020) re-
  hearing denied (11th Cir 2020)

Oct 2019:    White v Pritchard MD Fl; 19-cv-2109

* civil rights, malpractice, state torts against two Semi-
  nole County Sheriff employees and Sheriff in his official
  capacity

* dismissed without prejudice with instructions to join by
  amendment to White v Shaw Md Fl 14-cv-986

* motion to amend granted Jun 2020, joindering cases

-15-

* APA / Constitutinal common law claim for denial of

  medical care by Warden / BOP

III.    **GRIEVANCE PROCEDURE**

A.    Is there a prisoner grievance procedure in the institution? ☒ Yes    ☐ No

B.    Did you present the facts relating to your complaint in the prisoner grievance procedure?                                      ☒ Yes    ☐ No

C.    If your answer is YES,
1.    What steps did you take?

   Attempted to complete BP-9 to -11 procedure.

2.    What was the result?

   I was denied access to the administrative remedy process.

D.    If your answer is NO, explain why not.

   n/a

E.    If there is no prisoner grievance procedure in the institution, did you complain to prison authorities?                       ☐ Yes    ☐ No

F.    If your answer is YES,
1.    What steps did you take?

   repeatedly went to sick call

2.    What was the result?

   medical staff refused to record my sick calls as attached.

G.    If your answer is NO, explain why not.
   n/a

H.    Attach copies of your request for an administrative remedy and any response you received. If you cannot do so, explain why not

   attached with declaration

## IV.    STATEMENT OF CLAIM

A.    State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments of citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

Parties, Venue, Jurisdiction:
-----------------------------

1)    I am a federal prisoner serving 389 months imprisonment at the United States Penitentiary ("USP") -- Marion in Marion, Illinois, in the Southern District of Illinois.

2)    All of the events alleged herein occurred within the Southern District of Ilinois.

3)    The Federal Bureau Of Prisons is the executive agency against which injunctive relief is sought, making it the proper defendant pursuant to the Administrative Procedures Act, 5 USC §701, et seq.

4)    Daniel Sproul, Warden, USP-Marion, is sued in his official capacity and is the federal employee capable of granting injunctive relief, making the proper defendant pursuant to the Administrative Procedures Act, 5 USC §701, et seq, and, as to injunctive relief under a non-Bivens common law Constitutional tort claim.

Facts
-----

5)    During the period October 17, 2008, to about November 30, 2014, I was repeatedly tortured while in federal custody, including:

a)    from about November 7, 2008, to December 29, 2008, I was subjected

(Rev. 7/2010)

-31-

("MCC-Chicago"), including five days in subzero temperatures, being held over night in a room flooded with human feces, and, being held for weeks in a room overrun with hundreds of cockroaches;

b) from about September 1, 2010, to April 20, 2011, I was held in extreme Reduced Environmental Stimuli ("RES") conditions and possibly poisoned while at the Federal Correctional Institution ("FCI") -- Beckley, and, MCC-Chicago;

c) from May 13, 2014, to about November 30, 2014, I was subjected to extreme sleep deprivation, held twenty to twenty four hours a day under a 6000 lumen light, equivalent to a car's high beams, and, from June 17 to June 23, 2014, I was deprived of all food and water until I collapsed from dehydration, and, then was left to choke and convulse for 12 hours without medical care.

6) I was given psychiatric evaluations in November 2008 and September 2009 that found that, while I may have "narcissistic and histrionic traits", I was not suffering from malignant narcissism, a serious personality disorder, or, any form of mental illness. These reports and related testimony from Dr Conrad Daum are attached hereto as Exh B(a)-(c).

7) On February 6, 2016, Dr Eric Ostrov diagnosed me with Post-Traumatic Stress Disorder ("PTSD") as a result of the acts of torture described in para 5, supra. Dr Ostrov observed neurocognitive symptoms, but, was not a neuropsychologist and did not perform neuropsychological testing. His report is attached as Exh B(d).

8) On August 14, 2019, Dr Richard M Samuels, a neuropsychologist, confirmed the diagnosis of severe, chronic, PTSDF, and, also observed that I am suffering from neurocognitive symptoms and paranoid episodes, usually

-32-

one to three hours in length and striking in the middle of the night or early morning. His report is attached as Exh B(e).

9) My neuropsychological symptoms are related to the government's use of torture as described para 5, supra. Several of my symptoms are associated with injury to the brain's hippocampus; the most common source of such an injury other than epilepsy is poisoning.

10) My current symptoms include:

   a) multi-day periods of sleeplessness;

   b) paranoid episodes of 1 to 3 hours length usually striking in the middle of the night or early morning;

   c) chronic, brief, episodes of Temporary Global Amnesia, usually lasting just minutes;

   d) confusion and episodes of language difficult, brief and rare, in which I cannot understand something that has just been said to me or I have just read;

   e) some interference with speech, previously manifest as "thought blocking", where one spoken thought is cut off by another, making my speech jump, now manifest as occassional pauses in speech.

11) After reading Dr Samuels' report, I repeatedly went to sick call at USP-Marion, specifically in August 2019, November 2019, and, January 2020, to seek medical attention and proper diagnosis and treatment of the underlying physical brain injury. At each appointment, I was told that it would take up to three weeks for me to be called to see a doctor.

12) Medical staff at USP-Marion refuse to record my sick calls or provide medical treatment and diagnosis. In November 2019, I was told that it was "impossible" that I had been tortured because I "would have died", that Dr Samuels' medical report is "fake", and, that the medical

-33-

staff member saying this, PA Hughes, a member of the Public Health Service, would "bet" that Dr Samuels "wouldn't testify to this [his report] in Court", even though the report is a summary of the testimony that Dr Samuels expects to give in Court.

13) Needing medical treatment, I now bring this action for injunctive relief.

COUNT ONE:  Violation Of The Administrative Procedures Act
------------------------------------------------------------

14)  The Federal Bureau of Prisons and Daniel Sproul, Warden, USP-Marion in his official capacity have violated the Administrative Procedures Act, 5 USC §701, et seq, by unreasonably denying me medical diagnosis and treatment for the injuries underlying my psychological symptoms, by engaging in medical practice, and, by violating US Const Amend VIII, as described para 1-13, supra.

COUNT TWO:  Common Law Constitutional Violation Of US Const Amend VIII
------------------------------------------------------------

15)  The Federal Bureau of Prisons and Daniel Sproul, Warden, USP-Marion in his official capacity have violated US Const Amend VIII by denying me medical diagnosis and treatment for the injuries underlying my psychological symptoms in a manner deliberately indifferent to my serious medical needs, as described para 1-13, supra.

-34-

V.     REQUEST FOR RELIEF

State exactly what you want this court to do for you. If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255. Copies of these forms are available from the clerk's office.

Injunctive relief compelling the Federal Bureau of Prisons and Daniel Sproul, Warden, USP-Marion, to provide medical diagnosis and treatment for the injuries underlying my psychological symptoms.

VI.    JURY DEMAND (*check one box below*)

The plaintiff ☐ does  ☒ does not request a trial by jury.


## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.


Signed on: _____7/23/20_____
                    (date)

USP-Marion PO Box 1000
          Street Address

Marion, IL 62959
          City, State, Zip

_____
Signature of Plaintiff

William A White
          Printed Name

#13888-084
          Prisoner Register Number


_____
Signature of Attorney (if any)


(Rev. 7/2010)