IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM A. WHITE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 20-cv-751-NJR** |
| | ) | |
| | ) | |
| FEDERAL BUREAU OF PRISONS and | ) | |
| DANIEL SPROUL, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff William A. White, an inmate of the Federal Bureau of Prisons ("BOP") who is currently incarcerated at U.S. Penitentiary—Marion ("USP—Marion"), brings this action for deprivations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). He also alleges a violation of the Administrative Procedures Act (APA), 5 U.S.C. § 702. In his Complaint (Doc. 1), White alleges that he has not received proper treatment for his mental condition while at USP—Marion. He seeks only injunctive relief against Warden Daniel Sproul and the BOP in their official capacities.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

White makes the following allegations in the Complaint (Doc. 1):  White was previously diagnosed with post-traumatic stress disorder ("PTSD") due to various environments he was subjected to during the course of his incarceration in the BOP (*Id*. at p. 19). He was also previously diagnosed with narcissistic traits but without a personality disorder (*Id*.). In 2019, he was diagnosed with severe, chronic PTSD with paranoid episodes (*Id*. at pp. 19-20).

White currently suffers from sleeplessness, paranoid episodes, temporary global amnesia, confusion and language difficulties, and cut off thoughts (*Id*. at p. 20). As a result of these symptoms, he placed requests for sick call in August 2019, November 2019, and January 2020, seeking a proper diagnosis and treatment of what he believes is an underlying brain injury but was told that it would take three weeks to be seen by a doctor (*Id*.). Medical staff at USP—Marion refused to provide him with care and informed him that his past diagnosis is fake (*Id*. at pp. 20-21). Because he is unable to obtain care, he seeks injunctive relief against Dan Sproul and BOP for denying his medical diagnosis and treatment.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

> **Count 1:** **Eighth Amendment deliberate indifference to medical claim against BOP and William Sproul in their official capacity only for failing to provide White with a proper diagnosis and medical care for his mental condition.**
>
> **Count 2:** **APA claim against BOP and William Sproul for denying White a proper diagnosis and medical care for his mental condition.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the**

**Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

### Count 1

White fails to state a claim in Count 1. A *Bivens* action requires personal liability. "If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP." *Correctional Serv. Corp. v. Malesko*, 534 U.S. 61, 72 (2001). Thus, BOP is not a proper party. Also, under *Bivens,* White's suit can proceed against the officials in their individual capacities alone. *Yeadon v. Lappin*, 423 F. App'x 627, 629 (7th Cir. 2011); *Bunn v. Conley*, 309 F.3d 1002, 1009 (7th Cir. 2002); *Glaus v. Anderson,* 408 F.3d 382, 389 (7th Cir.2005) (dismissal of Bivens Complaint against the warden in his official capacity was proper). Thus, White's claim against Sproul in his official capacity also fails. White also has not shown that Sproul participated in or was aware of the improper care that he was receiving such that he was personally involved in his individual capacity. He also fails to identify any of the medical staff as defendants or allege that they acted with deliberate indifference. Accordingly, Count 1 is **DISMISSED without prejudice**.

### Count 2

The APA provides judicial review for those suffering because of final federal agency action, 5 U.S.C. § 702(a), but by the law's very terms, it does not apply to discretionary agency action, 5 U.S.C. § 701(a). The Seventh Circuit has held that a federal inmate can bring a claim under the Administrative Procedures Act for an order for medical treatment. *See Glaus v.*

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

*Anderson*, 408 F.3d 382, 387 (7th Cir. 2005) (noting that an inmate could challenge Bureau guidelines under the Act related to specific treatment for a condition); *Bunn v. Conley*, 309 F.3d 1002, 1009 (7th Cir. 2002) (no official capacity suit under *Bivens*, but prisoner could attempt an APA claim). That said, the Seventh Circuit has also noted that Bureau Program Statements and Clinical Practice Guidelines related to medical treatment do not provide a source of relief as they "do not create entitlements enforceable under the [Act]." *See Robinson v. Sherrod*, 631 F.3d 839, 842 (7th Cir. 2011); *see also Miller v. Henman*, 804 F.2d 421, 426 (7th Cir. 1986). White only states in conclusory fashion that Defendants violated the Act because he has not been provided with proper care. He fails to point to any policy, regulation, or final federal agency action that would create a right under the Act. Thus, he has not alleged enough to state a viable claim under the Act. Count 2 is, thus, **DISMISSED without prejudice**.

Accordingly, White's Complaint is **DISMISSED without prejudice**. If he wants to pursue his claims he would need to file an Amended Complaint. A successful Complaint generally alleges "the who, what, when, where, and how…" *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). If he elects to file an Amended Complaint, White should include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights and/or what final agency action violated the APA. If he does not know the name of a specific defendant, he should refer to them by a John Doe designation.

### Disposition

For the reasons stated, the Complaint is **DISMISSED without prejudice**. White is **GRANTED** leave to file a "First Amended Complaint" on or before **January 21, 2021**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to

comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and he must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

White is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, White is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

DATED:  12/21/2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**