IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. WHITE, # 13888-084, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-751-NJR |
| | ) |
| FEDERAL BUREAU OF PRISONS, and DANIEL SPROUL, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Plaintiff William White's "Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e)" filed January 14, 2021 (Doc. 11). White is a federal inmate currently confined at United States Penitentiary-Marion ("Marion"). For the reasons set forth below, White's Motion is **DENIED**.

This action involved alleged ongoing denial of psychiatric care while at Marion. He sued the Bureau of Prisons ("BOP") and Sproul in his official capacity as Warden of Marion, seeking only injunctive relief.

On December 21, 2020, the Court dismissed White's Complaint (Doc. 1) without prejudice and directed him to file an Amended Complaint no later than January 21, 2021. (Doc. 10). Specifically, the Court found that his claim for violation of the Eighth Amendment could not be brought against the BOP and Sproul in his official capacity, and that White had failed to adequately plead his Administrative Procedures Act ("APA") claim. (*Id.*).

1

Rather than file an amended complaint, White chose to pursue the present Motion. Given that no judgment has been entered, a motion to alter or amend the judgment is inappropriate. The Court will treat this as a motion to reconsider under Federal Rule of Civil Procedure 54(b), however, which allows revision of any order adjudicating fewer than all the claims at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. While motions to reconsider are permitted, they are disfavored, serving "a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F.Supp.2d 704, 707 (N.D.Ill.2006) (quoting *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir.1996)). A manifest error of law or fact occurs when a district court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). However, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments." *Caisse Nationale*, 90 F.3d at 1270.

White's motion fails to demonstrate any legal or factual error that would warrant alteration or amendment of the Order dismissing his Complaint.

Regarding his claim labeled "Common Law Constitutional Violation of US Const Amend VIII," White argues that the Court misconstrued this as a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), when in fact it is a "federal common law" claim under *Ex parte Young*, 209 U.S. 123 (1908). He draws the distinction because he is seeking injunctive relief rather than damages.

First, *Young* did not create a type of claim. Instead, it created a doctrine that allows a claimant to avoid dismissal based on sovereign immunity if he seeks injunctive relief. *Ray v. Atl. Richfield Co.*, 435 U.S. 151, 157 n. 6 (1978). To the extent it was applicable to suits against federal parties, it has been superseded (at least in large part) by the APA's waiver of sovereign immunity for prospective relief in 5 U.S.C. § 702. See *E.E.O.C. v. Peabody W. Coal Co.*, 610 F.3d 1070, 1086 (9th Cir. 2010).

Second, White is mistaken that the request for injunctive relief by itself takes his claim out of the realm of *Bivens*. As the Seventh Circuit noted, injunctive relief may be sought in a *Bivens* claim. *Glaus v. Anderson*, 408 F.3d 382, 389 (7th Cir. 2005). The fact that it may not be sought against the BOP and the warden in his official capacity is a separate issue.

White is correct that there remain certain circumstances where suit to enjoin federal agencies and officers from unconstitutional actions is appropriate. *See Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 327 (2015). This implicitly requires adequate pleading of an underlying unconstitutional action. *See White v. Sloop*, 772 F. App'x 334, 337 (7th Cir. 2019) ("White failed to state a First Amendment claim against Sloop and True, assuming one is cognizable, so he also could not have stated a claim against the BOP for maintaining the policy at issue.").

White has failed to adequately state an underlying Eighth Amendment deliberate indifference claim required to support his request for injunctive relief. White alleges that he was diagnosed by a Dr. Ostrov and a Dr. Samuels with Post-Traumatic Stress Disorder ("PTSD"). (Doc. 1, p. 19). After reading Dr. Samuels's report, White went to sick call on

at least three occasions (August 2019, November 2019 and January 2020) seeking "proper diagnosis and treatment of the underlying physical brain injury". (*Id.*). He states he was told it would take up to three weeks to see a doctor, and that "medical staff" including a physicians' assistant Hughes, refused to provide such diagnosis or treatment. (*Id.*, pp. 20-21).

White adequately alleges that he has an objectively serious medical condition: PTSD. The basis of the claim is failure to diagnosis and treat a different condition, however—an "underlying physical brain injury" that he speculates also exists. He does not allege that he was denied treatment for the PTSD. Accordingly, White has failed to make a claim for deliberate indifference and dismissing the Complaint without prejudice was not an error.

There was also no error in the finding that White failed to adequately state an APA claim. The APA allows judicial review of the actions by federal agencies only over "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704; *Abbs v. Sullivan*, 963 F.2d 918, 925–26 (7th Cir. 1992).

Here, the alleged failure to diagnose or treat White's speculated injury is not "final agency action for which there is no other adequate remedy in a court." Two conditions must be satisfied for agency action to be "final." "First, the action must mark the 'consummation' of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow[.]" *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997). White fails to allege any facts from which the Court

4

could infer an agency decision-making process was involved in his alleged denial of healthcare services. He cites no regulations, policies, or other agency actions. The entirety of the Complaint's allegations applicable to the APA are the bare assertion that the BOP and Sproul violated the APA by "unreasonably denying [him] medical diagnosis and treatment for the injuries underlying [his] psychological symptoms, by engaging in medical practice, and, by violating US Const Amend VIII[.]" Contrary to White's citation to *Webster v. Doe*, 486 U.S. 592 (1988), an alleged constitutional violation by agency action does not automatically violate the APA. *Webster* discussed the distinction between the two: that an agency act may be precluded from judicial review under the APA but still cognizable as a constitutional claim. *See Franklin v. Massachusetts*, 505 U.S. 788, 801 (1992) (citing *Webster*). Without more, this simply fails to adequately state a claim under the APA.

Accordingly, the ""Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e)" (Doc. 11) is **DENIED**. If White wishes to proceed with this case, he must file a First Amended Complaint on or before **September 13, 2021**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the Court's instructions, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638

n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and he must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, White is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  August 11, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**