IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM A. WHITE,                          )
                                           )
                    Plaintiff,             )
                                           )
vs.                                        )          Case No. 20-cv-751-NJR
                                           )
                                           )
FEDERAL BUREAU OF PRISONS,                 )
DANIEL SPROUL, ANNABEL FIELDS,             )
HUGHES, BRYANT McGEE,                      )
MOULTON, J. MUNNEKE, LINDSEY               )
OWINGS, KATHY HILL, and GARY               )
BURGESS,                                   )
                                           )
                    Defendants.            )

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff William A. White, an inmate of the Federal Bureau of Prisons ("BOP") who is currently incarcerated at USP-Marion, brings this action for deprivations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). White's original Complaint (Doc. 1) was dismissed without prejudice for failure to state a claim, but he was granted leave to amend. On August 23, 2021, White filed his Amended Complaint (Doc. 13).[1] In addition to an Eighth Amendment *Bivens* claim, he also alleges

---

[1] After the filing of his Amended Complaint, White was subsequently subjected to a filing ban. *See White v. Collis et al.*, Case No. 20-cv-1117-JPG (S.D. Ill. Sept. 27, 2021) (Doc. 24) (two-year filing ban); *White v. United States*, Case No. 17-cv-683-JPG (S.D. Ill. Sept. 27, 2021) (Doc. 116) (two-year filing ban). White is prohibited from filing any civil pleadings in any pending or new action. The restriction does not apply to Notices of Appeal.

1

a violation of the Administrative Procedures Act, (APA), 5 U.S.C. § 702, and the Privacy Act, 5 U.S.C. § 522(a)(e)(5). In his Amended Complaint (Doc. 13), White alleges Defendants failed to document his symptoms and diagnosis of Post-Traumatic Stress Disorder ("PTSD") in his medical and mental health records. White seeks injunctive relief and monetary damages.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

White makes the following allegations in the Amended Complaint (Doc. 13): White suffers from Post-Traumatic Stress Syndrome ("PTSD") which he alleges that he developed while being held at several jails and prisons from November 2008 to November 2014 (Doc. 13, pp. 34-35). Although he suffered from PTSD, White alleges that the BOP, Sproul, Fields, Hughes, McGee, Moulton, Munneke, Owings, Hill, and Burgess failed to:  record his complaints regarding his PTSD in the Psychology Data System ("PDS"), notify his other healthcare providers about his complaints, record his diagnosis, or treat his PTSD (*Id*. at pp. 38-39). They also lied about his diagnosis and obstructed his efforts to obtain care (*Id*. at p. 39).

2

Specifically, between June and December 31, 2016, White sent emails to Hill and Burgess about his symptoms (*Id.* at p. 35). The emails were not forwarded to the psychology department (*Id.*). On February 23, 2017, he spoke with Munneke about his diagnosis and gave him a copy of his diagnostic report from a prior treating physician, Dr. Ostrov. Munneke did not record the report in White's PDS (*Id.* at p. 36). Between June and July 2017, he spoke with Owings about his PTSD and filled out a release form for records from Dr. Ostrov (*Id.*). The release was never placed in his file, and neither Owings nor Munneke sought to obtain medical records from Dr. Ostrov (*Id.*). White acknowledges that the release was placed in his central file (*Id.*).

On August 14, 2019, White eventually received a diagnosis from a private psychologist (*Id.* at p. 36). On August 24, 2019, he spoke with Moulton regarding his symptoms, but Moulton failed to record his complaints in White's file (*Id.*). On November 5, 2019, he spoke to Hughes about his symptoms, but Hughes made no record of his complaint (*Id.*). On January 23, 2020, White spoke to McGee about his symptoms, but McGee falsely recorded that White did not mention his symptoms (*Id.*). On March 10, 2021, he reported his symptoms to Fields, and she began to treat his PTSD with a Relaxation and Stress Management Workbook (*Id.* at p. 37). But she failed to record the treatment in his files and falsely stated to others that she was not treating White for PTSD (*Id.*). White informed Fields that he completed the workbook, but she did not record the completion in his file, nor did she record the certification that she provided to him (*Id.*). Since the receipt of his competition certificate on July 7, 2021, White maintains that he has received no further treatment for his PTSD (*Id.*).

3

As to White's claim under the APA, White alleges the BOP, Sproul, and Fields (in their official capacities) unlawfully withheld and delayed recording his diagnosis and treating his PTSD (*Id.* at p. 38). White seeks an order recording his diagnosis in his records in the PDS and providing him treatment for his PTSD (*Id.*).

As to his claim under the Privacy Act, 5 U.S.C. § 552a(e)(5), White alleges that Defendants at USP-Marion falsified his medical and mental health records in order to deny him treatment for his PTSD (*Id.* at pp. 34-35). Specifically, he alleges that he spoke to Gary Burgess, Kathy Hill, Lindsey Owings, J. Munneke, Moulton, Bryant McGee, Annabel Fields, and Hughes between 2016 and 2021, but none of the Defendants placed his concerns regarding his PTSD in his medical records (*Id.* at pp. 35-37, 39-40). Most recently, Fields failed to record his diagnosis, treatment, or completion of his workbook (*Id.*).

## <u>Discussion</u>

Based on the allegations in the Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following three counts:

**Count 1:** **Administrative Procedures Act ("APA") claim against BOP, Sproul, and Fields (in their official capacities) for failing to document and treat his PTSD.**

**Count 2:** **Eighth Amendment deliberate indifference claim against BOP, Daniel Sproul, Annabel Fields, Hughes, Bryant McGee, Moulton, J. Munneke, Lindsey Owings, Kathy Hill, and Gary Burgess for failing to record his PTSD symptoms and obstructing his efforts to obtain treatment.**

**Count 3:** **Privacy Act Claim against BOP for the individual Defendants' failure to document his PTSD in the PDS.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

### Count 1: APA Claim

The Administrative Procedures Act ("APA") allows individuals adversely impacted by final federal agency action to seek judicial review. *See* 5 U.S.C. § 702 ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."). The Seventh Circuit Court of Appeals has held that the APA can be used to challenge application of prison rules to individual prisoners. *See, e.g., Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004). The Seventh Circuit has held that a federal inmate can bring a claim under the Administrative Procedures Act for an order for medical treatment. *See Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005) (noting that an inmate could challenge Bureau guidelines under the Act related to specific treatment for a condition); *Bunn v. Conley*, 309 F.3d 1002, 1009 (7th Cir. 2002) (no official capacity suit under *Bivens*, but prisoner could attempt an APA claim). That said, the Seventh Circuit has also noted that Bureau Program Statements and Clinical Practice Guidelines related

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

to medical treatment do not provide a source of relief as they "do not create entitlements enforceable under the [Act]." *See Robinson v. Sherrod*, 631 F.3d 839, 842 (7th Cir. 2011); *see also Miller v. Henman*, 804 F.2d 421, 426 (7th Cir. 1986).

In his Amended Complaint, White again only states in conclusory fashion that Defendants violated the Act because he has not been provided with proper care. He states that the decision to withhold or delay care was arbitrary and capricious, in excess of their statutory jurisdiction, and without observance of the procedures required by law (*Id.* at p. 38). He fails to point to any policy, regulation, or final federal agency action that would create a right under the Act. Instead, White merely states that Defendants violated the provision of the Privacy Act which requires an agency to maintain records with accuracy and completeness. See 5 U.S.C. § 552(e)(5). But as discussed below, the BOP has exempted its medical records from the Privacy Act. Thus, White fails to point to any final agency action to support a claim under the APA. Count 1 is **DISMISSED without prejudice**.

### Count 2: Eighth Amendment *Bivens* Claim

But as to White's Eighth Amendment deliberate indifference claim under *Bivens*, White states a claim, at least at this stage. He alleges that the individual Defendants Annabel Fields, Hughes, Bryant McGee, Moulton, J. Munneke, Lindsey Owings, Kathy Hill, and Gary Burgess were deliberately indifferent to his need for mental health care. Thus, at this stage, he may proceed against the individual defendants. The Court notes, however, that some of White's claims, which occurred between 2016 and 2021, might be barred by the statute of limitations. The Court also notes that it appears that White only

seeks injunctive relief for his *Bivens* claim. But without further briefing on the issues, the Court cannot say that White's claims are barred at this time.

As to the BOP and Sproul, however, White fails to state a claim. White may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP. *Correctional Serv. Corp. v. Malesko*, 534 U.S. 61, 72 (2001). Thus, the BOP is not a proper party. White's suit can proceed against the officials in their individual capacities alone. *Yeadon v. Lappin*, 423 F. App'x 627, 629 (7th Cir. 2011); *Bunn v. Conley*, 309 F.3d 1002, 1009 (7th Cir. 2002); *Glaus v. Anderson*, 408 F.3d 382, 389 (7th Cir.2005) (dismissal of *Bivens* Complaint against the warden in his official capacity was proper). White's claim against Sproul in his official capacity also fails. He also fails to allege that Sproul, individually, denied him care. Thus, the claim against Sproul is **DISMISSED without prejudice**.

### Count 3: Privacy Act Claim

The Privacy Act provides for a private cause of action where an individual may recover monetary damages for a violation. 5 U.S.C. § 552a(g)(1). The BOP, however, as a law enforcement agency, has exercised its statutory option to exempt a number of its records from certain Privacy Act requirements. *See* 5 U.S.C. §552a(j) (authorizing agencies to make exemptions); 28 C.F.R. §16.97(a);(j) (listing BOP's exempt records); *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (per curiam) ("The BOP has exempted its Inmate Central Record System from the accuracy provisions of the Privacy Act, 5 U.S.C. §552a(e)(5)."). *See also Blackshear v. Lockett*, 411 F. App'x 906, 908 (7th Cir. 2011) (damages remedy is no longer available after BOP adopted exemptions of Privacy Act). The BOP has specifically exempted the Inmate Physical and Mental Health Record

System from Section 552a(e)(5), the section White purports to bring his Privacy Act claim. *See* 28 C.F.R. §16.97(n). As a result of these exemptions, a plaintiff wishing a bring suit based on inaccurate or substandard recordkeeping by the BOP no longer has a remedy in court and cannot recover damages. *See Martinez*, 444 F.3d at 624 (upholding dismissal of Privacy Act claims against BOP because Inmate Central Record System was exempt from the Privacy Act's accuracy requirement). For these reasons, White's APA claim is **DISMISSED with prejudice**.

## Pending Motions

As to White's motion for joinder, he seeks to join this case with his claims in *White v. United States,* Case No. 18-cv-1682-JPG. White argues that the two cases are related because the earlier case has a single count of negligent infliction of emotional distress resulting from the falsification of his medical records. Although White fails to cite to a Federal Rule of Civil Procedure allowing for the joinder of his two cases, Rule 42 provides that, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other order to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). It is an abuse of discretion, however, to consolidate cases that, even though they involve claims of the same nature, involve "different allegations and time frames." *See King v. General Elec. Co.*, 960 F.2d 617, 626 (7th Cir. 1992) (involving an age discrimination case). Courts have broad discretion when considering whether consolidation should be ordered. *Disher v. Citigroup Global Markets, Inc.*, 487 F. Supp. 2d 1009, 1013 (S.D. Ill. May 3, 2007).

In this case, the Court does not find that consolidating the two cases would promote judicial efficiency. The two cases are against different Defendants. The earlier case is against the United States while the present case is against a number of individual officials at USP-Marion. The cases also focus on different legal theories. The earlier filed case is a single claim under the Federal Torts Claim Act, 28 U.S.C. §1915A, for negligent infliction of emotional distress for falsifying medical records, while the present case is a single count of deliberate indifference to his mental health needs because White did not receive care as a result of the failure to place his complaints in the medical records. The earlier case is also already much further along as dispositive motions have been filed as to a number of claims, leaving only White's lone FTCA claim. While in this case, Defendants have not even been served, nor has a discovery order been entered. Accordingly, the Court finds that consolidation would not be appropriate in this case. White's motion (Doc. 14) is **DENIED**.

## Disposition

For the reasons stated above, Counts 1 and 3 are **DISMISSED**. Count 2 shall proceed against Annabel Fields, Hughes, Bryant McGee, Moulton, J. Munneke, Lindsey Owings, Kathy Hill, and Gary Burgess, but is **DISMISSED** as to Dan Sproul and the BOP.

The Clerk of Court shall prepare for Defendants Annabel Fields, Hughes, Bryant McGee, Moulton, J. Munneke, Lindsey Owings, Kathy Hill, and Gary Burgess: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of

9

employment as identified by White. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by White, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against White, and the judgment includes the payment of costs under Section 1915, White will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, White is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not

later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  February 3, 2022**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**