IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 20-cv-751-NJR |
| | ) |
| ANNABEL FIELDS, HUGHES, BRYANT | ) |
| McGEE, MOULTON, J. MUNNEKE, | ) |
| LINDSEY OWINGS, KATHY HILL, | ) |
| GARY BURGESS, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO DISMISS DUE TO MOOTNESS

Defendants Fields, Hughes, McGee, Moulton, Munneke, Owings, Hill and Burgess, by and through their attorneys, Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and Suzanne M. Garrison, Assistant United States Attorney, move pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss this action due to mootness and a resulting lack of subject matter jurisdiction, stating as follows:

### INTRODUCTION

When Plaintiff filed this suit he was housed by the Federal Bureau of Prisons ("BOP") at USP Marion's Communications Management Unit ("CMU"). Following preliminary review of the Amended Complaint, the Court has construed Plaintiff's individual capacity claims against several BOP employees as arising under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Specifically, the Court determined that Plaintiff has stated Eighth Amendment deliberate indifference claims for injunctive relief against defendants for failing to record his Post-Traumatic Stress Disorder ("PTSD") symptoms and for obstructing his efforts to obtain treatment. (Doc. 15).

Plaintiff (Reg. No. 13888-084) is currently housed at FCI Terre Haute following a transfer on January, 2021. https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results. None of the individuals named in this suit are employed at FCI Terre Haute and none are empowered to provide Plaintiff with the unspecified treatment and revisions to his medical records which he seeks. Accordingly, the suit should be dismissed as moot.

## LEGAL STANDARDS

Article III of the Constitution allows federal courts to adjudicate only actual, ongoing cases or controversies. Mootness is recognized as a jurisdictional question. *Evers v. Astrue*, 536 F.3d 651, 662 (7th Cir. 2008) ("Mootness is a threshold jurisdictional question that ensures that the court is faithful to the case or controversy limitation in Article III of the Constitution.") A case is moot when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000). Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to seek dismissal for lack of subject-matter jurisdiction. "When considering a motion that launches a factual attack against jurisdiction, the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009)(Internal citations omitted).

## DISCUSSION

Plaintiff does not allege what treatment he seeks but he accuses defendants collectively of denying him medical treatment for PTSD or with obstructing his access to treatment. Plaintiff is no longer housed at USP Marion. When a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence, the

prisoner's claim, become moot, *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) (citing *Higgason v. Farley*, 83 F.3d 807 (7th Cir. 1995). *See also*, *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (concluding that prayer for injunctive relief was moot because plaintiff had transferred to a different facility and failed to allege "a realistic possibility that he will again be incarcerated in the same state facility and therefore be subject to the actions of which he complains"); *Ortiz v. Downey*, 561 F.3d 664, 668 (7th Cir. 2009) (same). The Court cannot grant the injunctive or declaratory relief Plaintiff seeks because he is no longer within the jurisdiction of this Court.

Notably, Plaintiff names the defendants in their individual capacities. None of the defendants are assigned to FCI Terre Haute and several lack authority to provide psychological treatment or even to make entries in the BOP's psychology or medical records. As detailed in the attached Declaration of BOP Attorney Rob Schalburg, Attachment 1, Dr. Annabel Fields and Dr. Lindsay Owings are stationed at USP Marion. Dr. Jay Munneke is assigned to FMC Ft. Worth. Nurses Hughes, Mouton and McGee are on the medical staff at USP Marion. Kathy Hill is an Intelligence Research Specialist at USP Marion, not a medical professional. Gary Burgess is no longer employed by BOP, having retired on December 31, 2020.

## CONCLUSION

None of the defendants sued has the authority to provide Plaintiff whatever relief he seeks in this lawsuit, which he appears to have abandoned as argued in a motion to dismiss for failure to prosecute filed contemporaneously herewith. To the extent Plaintiff has continuing grievances regarding his ongoing psychological treatment, his dispute is with the trained professionals at FCI Terre Haute.

WHEREFORE, Defendants request that this action be dismissed with prejudice for mootness and lack of subject matter jurisdiction.

Respectfully submitted,

STEVEN D. WEINHOEFT
United States Attorney

*s/ Suzanne M. Garrison*
SUZANNE M. GARRISON
Assistant United States Attorney
United States Attorney's Office
Nine Executive Drive
Fairview Heights, Illinois  62208-1344
Phone:    (618) 628-3700
Fax:        (618) 622-3810
E-mail:    Suzanne.Garrison@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Southern District of Illinois and is a person of such age and discretion as to be competent to serve papers.

That on May 4, 2022, she served a copy of the attached

**DEFENDANTS' MOTION TO DISMISS DUE TO MOOTNESS**

by placing said copy in a postpaid envelope (certified mail tracking number 7020 0090 0000 6632 3446) addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at 9 Executive Drive, Fairview Heights, IL 62208.

ADDRESS:   William A. White
Reg. No. 13888-084
FCI Terre Haute
P.O. Box 33
Terre Haute, IN  47808

*/s/ Jackie Willmann*