IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. WHITE, <br><br> Plaintiff, <br><br> v. <br><br> ANNABEL FIELDS, HUGHES, BRYANT MCGEE, MOULTON, J. MUNNEKE, LINDSEY OWINGS, KATHY HILL, and GARY BURGESS, <br><br> Defendants. | Case No. 20-cv-751-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff William A. White, an inmate of the Federal Bureau of Prisons ("BOP") who at the time he filed his Amended Complaint was housed at USP-Marion, brought this action for deprivations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). White was allowed to proceed on an Eighth Amendment *Bivens* claim for deliberate indifference (Doc. 15, p. 6). He only sought injunctive relief against the individual Defendants (*Id.* at pp. 6-7; Doc. 13, p. 41). White was later sanctioned with filing restrictions in this District which prevents him from both filing any new civil actions as well as any pleadings in pending or new actions. *See White v. United States of America*, Case No. 17-cv-683-JPG (S.D. Ill. Sept. 27, 2021) (Doc. 116); *White v. Collis, et al.*, Case No. 20-cv-1117-JPG (S.D. Ill. Sept. 27, 2021) (Doc. 24).[1]

---

[1] Earlier this year the Seventh Circuit granted White a stay of this District's two filing restrictions,

This matter is before the Court on three motions to dismiss filed by Defendants Annabel Fields, Hughes, Bryant McGee, Moulton, J. Munneke, Lindsey Owings, Kathy Hill, and Gary Burgess. Defendants first ask the Court to dismiss White's case because he has failed to prosecute his claims (Doc. 37). Their second motion argues that White's sole request for injunctive relief is now moot because he has transferred from USP–Marion (Doc. 38). Finally, Defendants seek to dismiss the case because the claims are barred by the statute of limitations, his Amended Complaint fails to identify a serious medical need, and the Court should not extend *Bivens* to this type of claim (Doc. 39).

## BACKGROUND

On July 31, 2020, White filed his Complaint alleging that he had not received proper treatment for his mental health condition while at USP–Marion (Doc. 1). That Complaint was later dismissed because White only named the Bureau of Prisons ("BOP") and the warden in his official capacity, which was improper for purposes of a *Bivens* claim that allows actions for personal liability only (Doc. 10). White was allowed to amend his Complaint.

On August 23, 2021, he filed his Amended Complaint (Doc. 13) but was later subject to the two filing bans. On February 3, 2022, the Court allowed White to proceed on his *Bivens* claim against Defendants, in their individual capacities, for failing to record his post-traumatic stress disorder ("PTSD") symptoms and obstructing his efforts to

---

but only as it related to any notices of appeal that White may file in those or any other cases. The filing ban still remains enforceable as to all other filing restrictions. *See White v. United States of America*, Case Nos. 21-2835 and 21-2881 (7th Cir. Jan 5, 2022).

obtain treatment while at USP-Marion (Doc. 15). The Court noted that White only sought injunctive relief (*Id.* at pp. 6-7).

Subsequently, several pieces of mail sent to White by the Court were returned as undeliverable (Docs. 30, 34, and 35). Defendants note that White was transferred to Federal Correctional Institution ("FCI")–Terre Haute (Doc. 37-1). White has not updated his address with the Court, although he was instructed to do so within seven days of a transfer (Doc. 15, pp. 10-11). He was also previously warned that a failure to comply with the Order would result in the dismissal of his claims (*Id.*).

## DISCUSSION

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In dismissing a case for lack of prosecution, the Seventh Circuit has indicated that a district court commits legal error "when it dismisses a suit 'immediately after the first problem, without exploring other options or saying why they would not be fruitful.'" *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013) (quoting *Johnson v. Chi. Bd. of Educ.*, 718 F.3d 731, 732-33 (7th Cir. 2013)). The Seventh Circuit has suggested that in addition to a warning to the plaintiff, the court must consider essential factors such as "the frequency and egregiousness of the plaintiff's failure to comply with other deadlines, the effect of the delay on the court's calendar, and the prejudice resulting to the defendants." *Id.* (citing *Kruger v. Apfel*, 214 F.3d 784, 786-87 (7th Cir. 2000)).

Simply put, White has failed to prosecute his claims. He has not filed anything

with his Court since he filed his motion for joinder (Doc. 14) on August 24, 2021. White is under a filing ban in this District, but the ban only applies to pleadings, and White has not even attempted to update his address since transferring to FCI–Terre Haute. Defendants indicate that they provided White with copies of their motions to dismiss, and White has not attempted to update his address since receiving notice of the motions. It appears to the Court that White no longer wishes to pursue his claims. Thus, Defendants are entitled to dismissal of White's claims for failure to prosecute.

Additionally, the Court finds that White's claims for injunctive relief are now moot due to his transfer. White's Amended Complaint only sought injunctive relief ordering the Defendants at USP–Marion to correct his medical records (Doc. 13, p. 40). But White is no longer housed at USP–Marion and is now at FCI–Terre Haute (Doc. 38-1). None of the Defendants are assigned to Terre Haute. A request for injunctive relief becomes moot when an inmate is transferred unless the inmate can demonstrate that he is likely to be transferred back to the prison at issue. *See Higgason v. Farley,* 83 F.3d 807, 811 (7th Cir. 1996) ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred.'"); *Pearson v. Welborn,* 471 F.3d 732, 743 (7th Cir. 2006) (stating that once inmate was transferred his prayer for declaratory relief largely dropped out of the picture). All of the Defendants are from USP–Marion, the events which give rise to White's claims took place at Marion, and his request for injunctive relief focused on records at Marion. Thus, the Court finds that White's transfer to Terre Haute makes his request for relief moot. As White only requested injunctive relief, the Court finds that

dismissal is appropriate.

Because the Court finds that White has failed to prosecute his claims and his request for injunctive relief is now moot, the Court need not reach the other arguments for dismissal raised in Defendants' remaining motion to dismiss (Doc. 39). That motion is **DENIED as moot**.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the motions to dismiss for lack of prosecution (Doc. 37) and for mootness (Doc. 38). Defendants' motion to dismiss for failure to state a claim is **DENIED as moot** (Doc. 39). The Clerk of Court is **DIRECTED** to enter judgment accordingly and close the case.

**IT IS SO ORDERED.**

DATED:   June 13, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**